[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12862

_____

D.C. Docket No. 1:14-cv-00247-MHC

S.M., a minor child, by and through
her parents, T.M. and B.M.,

Plaintiff-Appellant,

versus

GWINNETT COUNTY SCHOOL DISTRICT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 24, 2016)

Before JORDAN and ANDERSON, Circuit Judges, and DALTON,* District
Judge.

_____

*Honorable Roy Bale Dalton, Jr., United States District Court for the Middle District of Florida,
sitting by designation.

PER CURIAM:

We have had the benefit of oral argument in this case, and have carefully reviewed the briefs of the parties and the record. We conclude that the judgment of the district court should be affirmed for the reasons set out in the comprehensive order of the district court dated May 29, 2015.

Plaintiffs' primary argument on appeal is that the district court and the ALJ erred in concluding that the School District had complied with the "mainstreaming" or "least restrictive environment" provision of the Individuals with Disabilities Education Act, 20 U.S.C. § 1412(a)(5)(A). We briefly address that argument first, and then address plaintiffs' arguments that the School District violated the procedural requirements of the Act in two ways.

Our decision in Greer v. Rome City Sch. Dist., 950 F.2d 688 (11th Cir. 1991), adopted a two-part test for determining compliance with the mainstreaming requirement of the Act:

> First, we ask whether education in the regular classroom, with the use of supplemental aids and services, can be achieved satisfactorily. . . . If it cannot and the school intends to provide special education or to remove the child from regular education, we ask, second, whether the school has mainstreamed the child to the maximum extent appropriate.

Id. at 696 (quoting Daniel R.R. v. State Bd. of Educ., 874 F.2d 1036, 1048 (5th Cir. 1989).  Plaintiffs argue that the district court erred in concluding that the

School District satisfied the first prong of the Greer test.  Plaintiffs' primary argument is that the School District erroneously concluded that S.M. could not be educated satisfactorily in the regular classroom because it failed to consider the full range of supplemental aids and services that would have enabled S.M. to be educated satisfactorily in the regular classroom.  We agree with the district court (and the ALJ) that the School District and the IEP Team, with full participation of S.M.'s parents, did consider a full range of such options.  We note that the IEP did provide for S.M. to be educated in the regular classroom for all of the school day except for classes involving the foundational skills of reading, writing and math.  We note that supplementary aids and services were provided to enable this education in the regular classroom.  For example, co-teaching was provided in the regular classroom setting for the subjects of science and social studies.  The district court order lists a wide range of supplemental aids that were considered for feasibility, some of which were ultimately offered.  We cannot disagree with the findings of the district court (and the ALJ) that the nature of S.M.'s special educational needs with respect to learning in reading, writing and math are such that she requires direct, explicit, small group instruction with drill and repetition, which instruction is significantly different from that of a general second grade classroom, such that S.M.'s education in these subjects could not be satisfactorily

3

achieved in the regular classroom even with supplemental aids and services.[1]  We

agree with the district court (and the ALJ) that the IEP places S.M. in the regular

classrooms "to the maximum extent appropriate" as required by the Act.

We turn now to the two procedural arguments raised by plaintiffs on appeal.

We reject plaintiffs' argument that the School District's correction of the number

of hours S.M. will spend in the regular classroom constitutes a "change" in the IEP

which must be either with the parents' consent or after a new IEP meeting.  We

doubt this constituted such a "change," but we need not decide that issue because it

is obviously harmless.  See Weiss v. Sch. Bd. Of Hillsborough Cty., 141 F.3d 990,

996 (11th Cir. 1998) ("Violation of any of the procedures of the IDEA is not a *per*

*se* violation of the Act"); Doe v. Alabama Dept. of Educ., 915 F.2d 651, 662 (11th

Cir. 1990) ("Because the [procedural] deficiencies in this case had no impact on

the [parent's] full and effective participation in the IEP process and because the

purpose of the procedural requirement was fully realized in this case . . . there has

been no violation in this case which warrants relief.").

Plaintiffs' second procedural argument is that the School District had

predetermined the placement of S.M. in special education classes for reading,

writing and math, such that the parents had no meaningful participation in the

---

[1]    We cannot disagree with the finding of the district court (and the ALJ) that modification of the regular classroom curriculum in order to accommodate S.M. would not be feasible and would modify the regular curriculum beyond recognition.

process.  We agree with the district court that this argument is belied by the record; the record reveals full and meaningful participation in the process by the parents, and no indication of predetermination.

For the foregoing reasons, for the reasons explored during oral argument, and for the reasons set out in the district court's order, we conclude that the judgment of the district court is

AFFIRMED.[2]

---

[2] After a careful review of the record, we conclude that the record does not support plaintiffs' argument that the decision below relied upon after-the-fact justifications for the School District's placement of S.M.. Greer, 950 F.2d at 696, 698. Other arguments raised by plaintiffs on appeal are rejected without need for further discussion.